# VICENTE VILLARREAL V. THE STATE.

No. 21797. Delivered December 10, 1941.
Rehearing Denied February 4, 1942.

The opinion states the case.

*J. C. Epperson* and *R. M. Bounds,* both of McAllen, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in Hidalgo County on a charge expressed in several counts alleging that he was an accomplice to the robbery with firearms of Tom E. Aycock on about January 26, 1941, and sentenced to seven years in the penitentiary.

The appeal brings to our consideration four questions which are ably discussed in a well prepared brief and each will be considered in accordance with the demands as we view them.

In an agreed statement of facts it is set out that the robbery took place, naming three parties as principals, and the issue in the trial of this case was whether or not the appellant was shown to be an accomplice.

Complaint is first lodged against the indictment. The court submitted four of the several counts under one charge and it is contended that a charge should be given as to each of these counts. This, however, is based upon the further contention that the first count in the indictment is invalid. If this be true, then it must necessarily follow that they should be separately charged and that the verdict of the jury should

show that they intended to find him guilty of some charge other than that lodged by the defective count.

It appears to us that appellant is somewhat confused in his understanding of the first count. As least, we view it as easily understandable. Each of the four counts contains two paragraphs, and the confusing part seems to be that each of these paragraphs in each count repeats the often used phrase, "AND THE GRAND JURORS, AFORESAID, UPON THEIR OATHS, IN SAID COURT, AT SAID TERM do further present that * * *." In the first paragraph of each count the proper allegation is made as to the commission of the offense by the three principals. Then follows in each count the second paragraph which is, in fact, a paragraph only in form, and may properly have been combined into one. The second so-called paragraph begins with the foregoing quoted phrase, or something very similar. Appellant then divides this first count and considers it two counts, thereby destroying the effectiveness of the second portion. If it alone is to be considered and relied upon as the count, there would not be sufficient allegation, but when considered with the first paragraph of that count as a part of it, it becomes complete. Following this, the next count is denominated *"second count"* and after it the *"third count"* and then the *"fourth count,"* each of which repeats the allegations against the principals and then follows with the allegation connected by a phrase similar to that hereinabove quoted charging appellant as an accomplice. We see nothing wrong with this form of indictment other than the confusing phrase beginning the second paragraph in each count, which may be considered as mere surplusage, and altogether harmless. (Warren v. State, 149 S. W. 130; 23 Tex. Jur. Sec. 37, page 642.)

Further complaint against the indictment is to the effect that it does not allege the means by which the offense was committed. This case is distinguishable from Kennedy v. State, 216 S. W. 1086, in that the language of the statute in the two kinds of offenses is different. (See Stepp v. State, 257 S. W. 250, and authorities there cited.)

The very troublesome question of this case is found in the bill of exception complaining of the admission in evidence of an oral statement made by appellant, following which certain goods taken by the robbery were recovered under the direction and in accordance with the oral statement so given, and also of a written statement to the same effect. The very

sharply contested issue of fact as to whether or not this statement was voluntarily made was properly submitted to the jury by the court's charge and they found against appellant's contention. This court has no power to set aside that finding where all of the evidence on the subject is controverted, as it appears in the record in this case.

An exception was taken to the court's charge on the ground that he did not present to the jury the law relative to an exculpatory statement as found in the written confession claimed to have been made by appellant soon after his arrest. After setting out the facts connected with the visit of the three principals to appellant, he says that they told him that they were down there to rob someone and asked if he knew someone that would have a lot of money at home. He then says, "I told them that they should not do this, but they said they were anyway. I told them that Mr. Tom Aycock had three service stations and that on every Saturday night he brought home Four or Five Hundred Dollars in money and that I would take them by and show them where he lived." The confession tells in further detail about doing this, after which he said he left the boys in town and went home. He made a trip out of town with his wife, returning later in the night and found the boys at his house. They said they had to leave quick; that they had robbed Mr. Aycock and had to shoot him. He at first protested taking them any place, but agreed to and did take them to Edinburg. He also told of coming into possession of certain stolen property and his disposition of it. Under this state of facts we do not consider the statement that he told them that they should not do it to be of any value as an exculpatory statement, and do not think it was necessary for the court to take note of it in his charge. If it amounted to a protest, he quickly changed his mind and engaged with them, according to the language of the statement.

The judgment of the trial court is affirmed.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant in his motion offers the proposition that the first count in the indictment herein is fatally defective; that the first four counts in such indictment were submitted by the trial court to the jury; that the jury returned a verdict of "guilty as charged in the indictment;" therefore the jury may have found the appellant guilty under the invalid first count in

such indictment, and that the doctrine laid down in McMurtry v. State, 43 S. W. 1010, should apply. In the McMurtry case it was held:

"The general rule that, when there are a number of counts in an indictment, some good and some bad, after verdict the conviction will be applied to any good count which is supported by the evidence, does not apply where a preliminary motion made to quash the indictment is overruled, and certain counts are defective."

There might be some merit in such contention if it was patent that count one was thus fatally defective. We note, however, that such count follows the form laid down by Willson's Criminal Forms, Fifth Edition, page 456, Form 765, with the exception of the words "prior to the commission of the said offense." It is to be borne in mind that the said indictment begins by charging that three parties, other than appellant, did commit the crime of robbery by the use of firearms upon one Aycock on or about the 26th day of January, 1941; then follows:

"AND THE GRAND JURORS AFORESAID, UPON THEIR SAID OATHS, IN SAID COURT, AT SAID TERM do further present that Vicente Villarreal on or about the 25th day of January, A. D. one thousand nine hundred and forty-one and anterior to the presentment of this indictment, in the County of Hidalgo and State of Texas, did then and there unlawfully, willfully and fraudulently advise the said Jose Villarreal Jaimes, alias Pepe Jaimes, Rosendo Arguijo and Horace Hamlin to commit the said offense; the said Vicente Villarreal not being present at the commission of an offense, but who before the act is done, adalias Pepe Jaimes, Rosendo Argijo and Horace Hamlin."

It is well understood that Art. 70, P. C., defines an accomplice, among other things, as "one who is not present at the commission of an offense, but who, before the act is done, advises, commands or encourages another to commit the offense."

It will be noted that the act of those charged with the robbery is set forth by date as January 26, 1941, and the advice of appellant as having been given as January 25, 1941, or one day prior to the date of the alleged robbery. We also find ourselves unable to see how one could "advise" the commission of an offense after such offense has been committed. He might "commend" such offense, but would seem to be too late to advise in the present tense the commission of that which has

already been committed. We do not think the first count in the indictment was defective. We also think the second, third and fourth counts are free from defects, and that the verdict of the jury can be applied to either. We also remain of the opinion that the trial court was correct in submitting to the jury the voluntary character of the written statement of the appellant.

There has been deleted from the original opinion a statement therein that did not primarily deal with any legal question presented herein, and which was not borne out by the record, and which will not appear in the reports herein.

We see no error presented, and the motion will therefore be overruled.