## TIM BAIRD V. STATE.

No. 25509. December 19, 1951.
Rehearing Denied February 13, 1952.

Hon. Charlie Sullivan, Judge Presiding.

*Murray J. Howze,* Monahans, for appellant.

*Elton Gilliland,* District Attorney, Big Spring, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for burglary with a sentence of two years in the penitentiary.

Appellant and two others were alleged to have entered a hardware store in the town of Garden City and to have taken from it some guns and other articles described by the evidence. E. R. Morgan and wife lived in an apartment at the rear of their cafe across the street from the harware store. Sometime around three o'clock in the morning they heard the crashing of glass. Upon investigating they saw some men in the store. The men left, got in a dark Mercury car and drove away. Mr. Morgan notified the sheriff who set up a road block in various directions, resulting in the capture of appellant a short while thereafter.

The officers who effected this block testified that before this appellant was stopped they saw certain articles thrown from the car. They were also of the opinion that two men left the car. Morgan's information to them was to the effect that three men were seen in the store. Appellant was arrested and carried to jail, after which the officers returned to the spot and made a search, recovering some guns which were identified by the owner of the hardware store as being property taken from it at that time. They also found a screwdriver in the back of appellant's car which the owner of the store identified as property taken from the store at the time of the burglary.

This evidence is sufficient within itself to support the state's case. In addition appellant signed a written confession, in due form of law, which is introduced as state's exhibit. Appellant did not testify but his wife did and her evidence constituted an attack upon the voluntary character of his confession. She told of a conversation between her husband and Mr. Emory, Sheriff of Sterling County. According to her testimony the sheriff unduly persuaded appellant to make this confession. The statement which she attributed to Mr. Emory would, if believed by the jury, destroy the voluntary character of the written confession. It is contended by appellant that this was not denied and no issue made of it for the jury, as a result of which the court should have refused to admit the statement in evidence.

The proposition of law is sound but the facts do not sufficiently support the contention. Walter Teel, Sheriff of Glasscock County, refuted her story as a witness in behalf of the state. He admitted that he and John Wood were present with Mr. Emory at the time detailed by Mrs. Baird. He said he did not hear Sheriff Emory make any promises, did not hear him tell appellant that he would clear the thing up if he would tell who the other men were, or that he would dismiss the two cases

against him in Sterling County. He said he did not make the statements attributed to them and, "I say that Sheriff Emory did not tell him that." He testified, further: "I did not hear any officer tell him if he would give this statement and plead guilty and turn state's evidence that I would do everything I could for him. No such promises were made to him."

The state would be in much better position if they had produced Mr. Emory and shown by him that he did not make such statement. However, the foregoing quoted testimony of Mr. Teel is sufficient to raise an issue for the jury.

Appellant vigorously attacks the court's charge in submitting this issue to the jury but we think his complaint about the charge is not well founded. The issue was submitted to the jury and their finding constitutes a finding of fact against appellant's contention that the confession was not voluntarily given.

Appellant, in his brief, has discussed nineteen bills of exception which we have carefully examined and have reached the conclusion that neither of them shows error. Bill of Exception No. 9 complains of certain argument made by the prosecuting attorney. The bill itself admits that a portion was in reply to argument made by appellant's counsel and there is nothing to show that any part of it was not in reply to or suggested by argument of appellant's counsel.

Bill of Exception No. 11 complains of the court's charge as a whole because the same fails to make any reference to "the law of exculpatory statements contained in the confession." We have examined the item referred to and find nothing exculpatory about it.

Several of the bills complain of the admission in evidence of the articles identified as coming from the burglarized premises. There can be no question about the proper ruling having been made on these objections.

Finding no reversible error the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

Appellant presents a forceful motion for rehearing herein,

and we shall attempt to discuss his contentions in the order raised.

A portion of appellant's confession was introduced in evidence. The court charged the jury that they should not consider the same unless they believed it to have been freely and voluntarily made and that the appellant was uninfluenced by persuasion in making the same.

This charge was proper because of the testimony of appellant's wife that certain promises had been made to her husband which induced him to confess. Appellant now contends that this testimony of appellant's wife stands uncontradicted and that, therefore, the confession should not have been submitted to the jury.

Mrs. Baird set the scene and named the actors whom she claimed influenced her husband into confessing, and this being the only defensive testimony on the subject, appellant is bound thereby. She said, "The conversation took place down stairs in the hall in the botton floor of this court house in front of the door that leads out there by the sheriff's office." "John Wood, Walter Teel and Mr. Emory were present." The record discloses that John Wood was a Texas Ranger stationed at Lubbock, Mr. Emory was Sheriff of Sterling County, and Mr. Teel was Sheriff of Glasscock County, where the prosecution was had.

The substance of Mrs. Baird's testimony was that Mr. Emory had told her husband certain things which induced him to confess.

After she had so testified, the state called Mr. Teel in rebuttal. He testified as follows:

"I did not hear Sheriff Emory of Sterling City make any kind of promises of leniency or anything like that to this defendant if he would make a statement. I never heard anything that sounded like that. This defendant talked on the telephone to his lawyer before he made the statement. * * *

"I sure didn't hear Sheriff Emory make any such statement to Tim Baird as you have been inquiring about. We were all working together on this case, that is, Sheriff Emory, John Wood and myself."

Nowhere in Mrs. Baird's testimony do we find any intima-

tion that Mr. Teel was absent from the group at any time during the conversation. Therefore, Mr. Teel's testimony joined the issue which was submitted to the jury in the charge. We cannot speculate as to why the out-of-county witnesses were not called in rebuttal.

Appellant takes us severely to task for the statement in the original opinion wherein we expressed the view that the evidence is sufficient without the confession. We see no useful purpose to be achieved from reviewing the facts in detail in support of this conclusion other than to observe that, independant of the confession and irrespective of the finding of the guns near where appellant's car had passed, we note the following:

1. The store was burglarized by means of the breaking of the plate glass door; from it were taken certain guns, shells and a screw driver; and the car containing the burglars left town headed in the direction of Midland.

2. Within an hour thereafter, on the road to Midland, appellant was arrested; and a search revealed glass in his shoes, certain spent shells, which were proven to have been fired from the stolen guns, on the floorboard of his car, and a screw driver bearing the price mark in the handwriting of the owner of the burglarized store which had not yet been obliterated.

Appellant again urges Bill of Exception No. 9 as reflecting error. It is directed to a portion of the closing argument of the prosecutor wherein he concluded that the burglars had been seeking money and then commented on the fact that appellant was a good provider and that he so provided for his family by stealing.

It will be noted that appellant's wife had furnished the information that he was a good provider; and the evidence shows that he was, at least on the night charged in the indictment, plying the trade of a burglar. We feel that the attorney's argument was a logical deduction from the evidence and did not constitute error.

Appellant contends that the court should have charged on the law of exculpatory statements contained in the confession. He contends that such an issue was raised because in his confession he said, "I tried to get him to come on but he wouldn't

and he tried to get me to drive on and come back later." Appellant then recounted how he participated with the others in the burglary.

"Exculpatory means clearing or tending to clear from alleged fault or guilt; excusing." Moore v. State, 124 Tex. Cr. R. 97, 60 S. W. (2d) 453.

In Villarreal v. State, 143 Tex. Cr. R. 298, 158 S. W. (2d) 490, we held a charge on exculpatory statements unnecessary where in his confession the appellant recounted that he had remonstrated with his partners in crime at first, but then participated with them in their criminal enterprise. There, we said, "If it amounted to a protest, he quickly changed his mind and engaged with them, according to the language of the statement." This is exactly what we find in the confession in the case at bar.

Remaining convinced that our original dispostion of this cause was correct, appellant's motion for rehearing is overruled.