George TROTTI, Appellant,

v.

The STATE of Texas, Appellee.

No. 3-84-223-CR.

Court of Appeals of Texas, Austin.

Oct. 2, 1985.

Rehearing Denied Oct. 30, 1985.

J.W. Howeth, Austin, for appellant.

Ronald Earle, Dist. Atty., Carla Garcia, Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, C.J., and BRADY and GAMMAGE, JJ.

BRADY, Justice.

Appellant appeals from a conviction of aggravated sexual assault. Tex.Pen.Code Ann. § 22.021(a)(2) and (3) (Supp.1985). Enhanced, pursuant to Tex.Pen.Code Ann. § 12.42(d) (1974 & Supp.1985), appellant's punishment was assessed by the jury at 70 years confinement in the Department of Corrections. We will affirm the trial court's judgment.

At trial, the State offered a South Carolina "pen packet" into evidence. This record reveals that appellant was convicted in South Carolina of the offense of "Housebreaking and Larceny." Punishment was assessed at five years confinement in the South Carolina State Penitentiary. This sentence was suspended and appellant was placed on probation for three years. Ultimately, however, appellant's probation was revoked and he was required to serve one year at the State Penitentiary.

Appellant argues that the South Carolina conviction was improperly used for enhancement because "Housebreaking and Larceny" was not shown to be a felony offense. For the purpose of enhancing punishment, an out-of-state conviction is classified as a third degree felony when "confinement in a penitentiary is affixed to the offense as a possible punishment." Tex.Pen.Code Ann. § 12.41(1)(1974). Therefore, when one is convicted of a crime in a sister state which entails punishment by incarceration in the penitentiary, the conviction may be used for enhancement of punishment pursuant to § 12.42, *supra.* *Ex Parte Blume*, 618 S.W.2d 373 (Tex.Cr. App.1981).

In this instance, appellant was assessed five years in the South Carolina State Penitentiary for the offense of "Housebreaking and Larceny." The offense is therefore classified a third degree felony under § 12.41(1), *supra*, and was lawfully used to enhance appellant's punishment.

Appellant next contends that the trial court erred in refusing to submit a charge concerning the lesser included offense of sexual assault. By definition, sexual assault is a lesser included offense of aggravated sexual assault. But a charge on a lesser included offense must be given only if there is evidence the accused is guilty of the lesser included offense. *Bell v. State*, 693 S.W.2d 434 (Tex.Cr.App.1985); *Royster v. State*, 622 S.W.2d 442 (Tex.Cr. App.1981). The complaining witness testified appellant punched her in the stomach and threatened to drown her in a nearby pool. The evidence shows he then inserted his penis in her vagina while she was unconscious. Appellant did not testify at trial. No evidence appears in the record giving inference to the lesser included offense of sexual assault. Under the test set forth in *Royster v. State, supra*, the trial court did not err in refusing to submit the charge on lesser included offenses.

The judgment of the trial court is affirmed.