Anders.wpd



 NO. 12-01-00374-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


JUNIOR JAMESON, JR.,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS






PER CURIAM
 

 Appellant Junior Jameson, Jr., appeals his conviction for the felony offense of evading arrest. 
We affirm.


Background

 On October 25, 2001, Appellant entered an open plea of "guilty" to evading arrest resulting
in the death of another. Appellant pleaded "true" to the allegation that a deadly weapon was used
during the commission of the offense and pleaded "true" to an enhancement paragraph in the
indictment which alleged a prior felony conviction. At the same time, Appellant executed a written
stipulation of evidence, a written acknowledgment of admonishments, and written waivers of trial
by jury, motion for new trial, motion in arrest of judgment, and appeal. 

 After a pre-sentence investigation was completed, a hearing was held on November 16, 2001. 
At that hearing, the trial court found Appellant guilty, found the enhancement allegation to be true,
and made an affirmative finding of the use of a deadly weapon. The trial court then sentenced
Appellant to fifty years of incarceration. (1) 

 Appellant's counsel has filed an Anders brief stating that the appeal is wholly frivolous and
without merit. See Anders v. California, 386 U.S. 738, 87 S. Ct.1396, 18 L. Ed. 2d 493 (1967).
Counsel's brief contains a professional evaluation of the record demonstrating why, under the
controlling authorities, there is no error in the court's judgment. See High v. State, 573 S.W.2d 807,
812 (Tex. Crim. App. [Panel Op.] 1978). Appellant timely filed a pro se brief which purports to
raise five issues.


Conflict of Interest

 In his first issue, Appellant contends that his trial counsel suffered from a conflict of interest
because he was formerly employed by the District Attorney of the county in which Appellant's trial
was had. 

 An appellant may show a violation of his right to effective assistance of counsel if he can
show (1) that counsel was burdened by an actual conflict of interest, and (2) the conflict had an
adverse effect on specific instances of counsel's performance. Monreal v. State, 947 S.W.2d 559,
564 (Tex. Crim. App. 1997) (citing Cuyler v. Sullivan, 446 U.S. 335, 348-50, 100 S. Ct. 1708, 1718-19, 64 L. Ed. 2d 333 (1980)). A showing of a "possibility of a conflict of interest" is insufficient to
warrant reversal of a conviction. Cuyler, 446 U.S. at 350, 100 S. Ct. at 1719. 

 Appellant points to no evidence in the record supporting his allegations that counsel had a
conflict of interest because he was previously employed by the District Attorney. Therefore, he does
not carry his burden to show counsel labored under an actual conflict of interest. See, e.g.,
Charleston v. State, 33 S.W.3d 96, 101-02 (Tex. App.- Texarkana 2000, pet. ref'd) (appellant did
not demonstrate actual conflict of interest). Because Appellant has not carried his burden to
demonstrate an actual conflict of interest, we conclude that Appellant's first issue is not an arguable
issue. 


Ineffective Assistance of Counsel

 In his second issue, Appellant avers that trial counsel was ineffective for "failing to follow
[Appellant's] wishes on plea" by allowing Appellant to plead guilty to "something [he] did not do." 
 The standard of review for ineffective assistance of counsel is enunciated in Strickland v.
Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under the Strickland test,
Appellant must show that (1) counsel's performance was deficient, and (2) but for counsel's
unprofessional errors, the result of the proceeding would have been different within reasonable
probability. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Tong v. State, 25 S.W.3d 707, 712
(Tex. Crim. App. 2000). A reasonable probability is a probability sufficient to undermine confidence
in the outcome of the proceedings. Tong, 25 S.W.3d at 712. Any allegation of ineffectiveness must
be firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Failure to make
the required showing of either deficient performance or sufficient prejudice defeats an
ineffectiveness claim. Id. We indulge a strong presumption that counsel's conduct falls within a
wide range of reasonably professional representation. Tong, 25 S.W.3d at 712. Furthermore, when
an appellant contends ineffective assistance of counsel caused entry of an involuntary plea, the
appellant must demonstrate that, but for counsel's errors, he would not have pleaded guilty and
would have insisted on going to trial. See Ex parte Moody, 991 S.W.2d 856, 857-58 (Tex. Crim.
App. 1999).

 The record does not support Appellant's allegations of ineffective assistance of counsel. 
Instead of citing to the appellate record, Appellant relies on "facts" which he recites in his brief. 
Because these "facts" do not appear in the appellate record, we will not consider them. See Bell v.
State, 938 S.W.2d 35, 53 (Tex. Crim. App. 1996). Because the record does not support Appellant's
allegations, he fails to demonstrate counsel's performance fell below an objective standard of
reasonableness. See Thompson, 9 S.W.3d at 814. Therefore, we conclude that Appellant's second
issues is not an arguable issue.


Out of State Conviction

 In his third issue, Appellant contends that the trial court erred by "receiving testimony of
[Appellant's] out-of-state case." 

 When one is convicted of a crime in a sister state which entails punishment by incarceration
in the penitentiary, the conviction may be used for enhancement of punishment pursuant to Penal
Code § 12.42. Trotti v. State, 698 S.W.2d 245, 246 (Tex. App.- Austin 1985, pet. ref'd). Appellant
pleaded true to the allegation that he had previously been convicted of a felony offense in Missouri,
and there is nothing in the appellate record before us to indicate that Appellant's foreign conviction
should not have been used to enhance his punishment. Therefore, we conclude that Appellant's third
issue is not an arguable issue.


Sufficiency of the Evidence

 In his fourth and fifth issues, Appellant contends that there was insufficient evidence to indict
or convict him of intentionally causing the death of another. Both issues are based on Appellant's
mistaken premise that he pleaded to and was convicted of intentionally causing the death of another.

 Appellant was indicted for, pleaded guilty to, and was convicted of evading arrest. A person
commits the offense of evading arrest if he intentionally flees from a person he knows is a peace
officer attempting lawfully to arrest or detain him. Tex. Pen. Code Ann. § 38.04(a) (Vernon Supp.
2003). Evading arrest is a felony of the second degree if another suffers death as a direct result of
an attempt by the officer from whom the actor is fleeing to apprehend the actor while the actor is in
flight. Tex. Pen. Code Ann. § 38.04(b)(3). That the actor intentionally caused the death of another
is not an element of the penal statute or the indictment in the instant case. Therefore, we conclude
that Appellant's fourth and fifth issues are not arguable issues.


Conclusion

 We have made an independent review of the record and find no arguable ground for reversal. 
We affirm the trial court's judgment and grant counsel's motion to withdraw. However, counsel still
has a duty to inform Appellant of this result and that Appellant may, on his own, pursue discretionary
review in the Court of Criminal Appeals. Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App.
1997).

Opinion delivered November 20, in the Year of our Lord 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.





(DO NOT PUBLISH)





1. See Tex. Pen. Code Ann. § 12.42(b) (Vernon Supp. 2003).