Aragon v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-021-CR

JUAN ARGELIO ARAGON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

I. Introduction

A jury convicted Appellant Juan Argelio Aragon of burglary of a building, found two prior felony convictions alleged for enhancement purposes to be true, and assessed Aragon’s punishment at twenty years’ confinement and a $10,000 fine.  In five issues on appeal, Aragon claims the trial court erred by admitting a set of Florida penitentiary packet documents at punishment, and also erred by admitting alleged burglary tools, photographs of the crime scene, and photographs of recovered items during the trial on guilt-innocence.  We will affirm.

II. Background Facts

At approximately 2:30 a.m. on July 1, 2001, Douglas Christopher Wright, a resident of the Overlook Apartments in Euless, heard noises outside and walked out onto his balcony to investigate.  He saw a man in dark clothes sitting below in the complex’s pool area.  Wright watched as the man entered the weight room that adjoined the apartment office and returned carrying computer equipment.  He walked around the office building out of Wright’s view.  When the man returned to the pool area empty-handed, Wright called 911.

Wright saw a second man, wearing a red shirt, inside the office building carrying more computer equipment.  The man in red carried the computer equipment outside, exited through the gate surrounding the pool area, and walked around the office building out of Wright’s line of sight.  Shortly thereafter, the man in red came running out of the office building again and told his companion that the police had arrived.  The man in red then ran toward Wright, hurdled the gate, and fled toward the parking lot with a police officer in hot pursuit.  Within minutes, the police officer captured the man in the red shirt, returned to the pool area, and placed him in handcuffs. Wright then went to talk with the police and saw both men in custody near a compact car that had computer equipment in its trunk.

Euless Police Officer Jermaine Montgomery testified that he was dispatched to a burglary in progress at the Overlook Apartments at approximately 2:30 a.m. on July 1, 2001.  He arrived almost immediately and two residents directed him toward the front office.  Officer Montgomery saw a man in a red shirt, later identified as Aragon, inside the office carrying a computer monitor down the stairs.  When Aragon saw Officer Montgomery, he dropped the monitor and ran back up the stairs.  Officer Montgomery and Officer Chris White, who had just arrived on the scene, pursued Aragon.  Officer White jumped the fence surrounding the pool area, chased Aragon, and captured him after a brief scuffle.  During a pat-down search of Aragon incident to his arrest, Officer White recovered a plastic Secura key, a Stanley box-cutting knife, and two screwdrivers.

Meanwhile, Officer Montgomery found Aragon’s associate hiding inside a U-Haul truck in the apartment complex parking lot and arrested him.  A pat-down search of this man turned up another screwdriver and a pair of wire-cutters.  Police later found a crowbar inside the apartment complex’s office.

Police called the apartment complex manager, Emma Jean Walker, and asked her to come to the complex.  She arrived at approximately 3:00 a.m., conducted a walk-through of the ransacked office with police, and identified the computer equipment found in the car trunk as belonging to the apartment complex.

III. Florida Felony Convictions

In his first three issues, Aragon complains that the trial court erred during the punishment phase by admitting a set of Florida penitentiary records (“pen packet”) to prove his two prior felony convictions.  
Aragon claims that the papers admitted as part of the Florida pen packet do not prove that his prior convictions were felonies.

In Texas, the punishment for a state jail felony may be enhanced to that of a second degree felony if the defendant “has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final.”  
Tex. Penal Code Ann.
 § 12.42(a)(2) (Vernon 2003).  Convictions obtained other than by prosecution under the Texas Penal Code are classified as third degree felonies and consequently may qualify to be used for enhancement purposes under section 12.42(a)(2) “if imprisonment in a penitentiary is affixed to the offense as a possible punishment.”  
Id.
 § 12.41(1). Burglary of a building, the offense for which Aragon was convicted in this instance, is punishable as a state jail felony and may, therefore, be enhanced to a second degree felony by proof of prior convictions pursuant to penal code section 12.42(a)(2).  
Id. 
§ 12.42(a)(2); 
Tex. Penal Code Ann.
 § 30.02(c)(1); 
Tex. Penal Code Ann.
 § 12.35(a).  Utilizing this enhancement option, Aragon’s indictment alleges:

State Jail Felony Enhanced to 2
nd
 Degree Notice:  And it is further presented to said court that prior to the commission of the state jail felony or state jail felonies set out above the said, Juan Argelio Aragon, under the name of Jose Garcia Miguel, was finally convicted of the felony offense of battery on law enforcement officer in the seventh judicial circuit court of Volusia County, Florida, in cause number 85-1155-C on the 16
th
 day of April, 1986, and prior to the commission of the offense or offenses for which the defendant was convicted as set out above, the said, Juan Argelio Aragon, under the name of Juan Argelio Monroig was finally convicted of the felony offense of grand theft, in the eleventh judicial circuit court of Dade county, Florida in cause number 84-1790 on the 19
th
 day of March, 1984,

The judgments in the pen packet reflect Aragon’s convictions for grand theft in Dade County, Florida (cause number 84-1790) and for battery on a law enforcement officer in Volusia County, Florida (cause number 85-1155-C), both felony offenses under Florida law.  The documents in the pen packet show that Aragon pleaded nolo contendere to the grand theft charges and on March 19, 1984, and was sentenced to eight years’ confinement.  While he was incarcerated, on March 13, 1985, Aragon assaulted a law enforcement officer at the correctional institution.  He was charged with battery on a law enforcement officer, pleaded guilty, and on April 16, 1985, was sentenced to five years’ confinement to run consecutively following his completion of his grand theft sentence.  Thus, the grand theft offense was final when Aragon committed the battery offense on March 13, 1985, almost a year after he began serving his grand theft sentence.

Because Aragon was sentenced to imprisonment in the penitentiary for both the grand theft offense and the battery offense and because the grand theft offense was final prior to Aragon’s commission of the battery offense, we hold that the trial court properly characterized these offenses as felonies eligible for use to enhance Aragon’s burglary offense to a second degree felony.
  Tex. Penal Code. Ann. 
§§ 12.41(1), 12.42(a)(2); 
see also Trotti v. State
, 698 S.W.2d 245, 246 (Tex. App.—Austin 1985, pet. ref’d) (holding defendant’s conviction in South Carolina of housebreaking and larceny, for which defendant was assessed five years in penitentiary, lawfully used to enhance defendant’s punishment pursuant to penal code section 12.41(1)).  We overrule Aragon’s first issue.

In his second issue, Aragon complains that the Florida pen packet was not properly authenticated because it lacks an affidavit comporting with the Texas evidentiary rules.  
See
 
Tex. R. Evid.
 901, 902.  Rule 902 states in pertinent part:

Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

. . . .

(4) Certified Copies of Public Records.
  A copy of an official record . . . certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2) or (3) of this rule or complying with any statute or other rule prescribed pursuant to statutory authority.

Tex. R. Evid.
 902.  Paragraph (1) of the rule provides that a document certified in accordance with paragraph (4), above, will be self-authenticating if it bears “a seal purporting to be that of the United States, or of any state, . . . or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution.”  
Id.
  

The first page of the Florida pen packet bears the insignia of the Florida Department of Corrections and the certification, signature and seal of the correctional services administrator.  The attestation reads:

I, JOYCE HOBBS, CORRECTIONAL SERVICES ADMINISTRATOR, CENTRAL RECORDS, STATE OF FLORIDA DEPARTMENT OF CORRECTIONS, DO HEREBY CERTIFY THE ATTACHED DOCUMENTS TO BE CORRECT COPIES OF DOCUMENTS IN THE FILE OF 
MIQUEL J. GARCIA a/k/a MIGUEL J. GARCIA a/k/a ANTONIO REGALDO, DC # 080680
 AS THE SAME APPEARS IN THE OFFICIAL RECORDS IN THIS OFFICE.

GIVEN UNDER MY HAND AND SEAL, THIS 17TH
 DAY OF JULY, A.D., 2001.

In addition, the Department of Corrections’s identification number listed on the certification, number 080680, appears on the face of the Uniform Commitment to Custody form, which precedes each judgment and sentence contained in the pen packet.  The same number also appears on the last two pages of the pen packet, which display all ten of the inmate’s fingerprints as well as his photograph.  We hold that the certification of the correctional services administrator, bearing her signature and seal under the authority of the Department of Corrections of the state of Florida, is sufficient to authenticate the penitentiary packet at issue in this case.  
See Reed v. State
, 811 S.W.2d 582, 587 (Tex. Crim. App. 1991) (op. on reh’g) (holding certification by records’ custodian of a set of copies of the original judgment and sentence sufficient extrinsic evidence that the copies are authentic).  We overrule Aragon’s second issue.

In his third issue, Aragon argues that the trial court erred by overruling his motion for directed verdict as to the enhancement paragraphs because there is insufficient evidence as a matter of law to prove that Aragon is the same person named in the Florida pen packet.  A fingerprint expert’s testimony that the defendant’s fingerprints match fingerprints contained in a pen packet constitutes sufficient evidence to show that the defendant is the same person previously convicted and named in the pen packet documents.  
Littles v. State
, 726 S.W.2d 26, 31 (Tex. Crim. App. 1987) (op. on reh’g); 
Alvarez v. State
, 536 S.W.2d 357, 361 (Tex. Crim. App.), 
cert. denied
, 429 U.S. 924 (1976) (op. on reh’g).

Here, Deputy Charles Kaiser, an identification officer and fingerprint expert, took Aragon’s fingerprints following the burglary of the Overlook Apartments.  He compared Aragon’s fingerprints with the prints contained in the Florida pen packet relating to the grand theft judgment and the battery judgment and concluded with one hundred percent certainty that Aragon was the same individual previously convicted of these offenses based on the pen packet documents.  The fingerprint evidence and testimony sufficiently established that Aragon was the same person named in the Florida pen packet. 
See
,
 e.g.
, 
Moore v. State
, No. 12-00-00069-CR, slip op. at 7, 2001 WL 34039125, at *3, (Tex. App.—Tyler Aug. 31, 2001, pet ref’d), 
cert. denied
, 123 S.Ct. 259 (2002).  We overrule Aragon’s third issue.

IV. Admissibility of Crime Scene Photographs and Burglary Tools

In his fourth issue, Aragon complains that the trial court erred at the guilt-innocence phase by admitting into evidence photographs of the crime scene and items seized from him at the scene
.  He asserts that these items were cumulative, more prejudicial than probative, and offered for the sole purpose of unduly prejudicing and inflaming the minds of the jury.  
See
 
Tex. R. Evid.
 401, 403.

An appellate court’s function is not to superimpose its own judgment as to relevance over that of the trial court.  
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g).
  Instead, we review a trial court’s rulings on the admissibility of evidence under an abuse of discretion standard.  
Id.
 
 As long as the trial court’s ruling was within the zone of reasonable disagreement, we will not intercede.  
Id.

A photograph is generally admissible if verbal testimony as to matters depicted in the photograph is also admissible.  
Williams v. State
, 958 S.W.2d 186, 195 (Tex. Crim. App. 1997).  In addition, items identified as having come from the burglarized premises are generally admissible in a burglary prosecution. 
See Ellard v. State
, 509 S.W.2d 622, 625 (Tex. Crim. App. 1974);
 Baird v. State
, 156 Tex. Crim. 644, 646, 246 S.W.2d 192, 194 (Tex. Crim. App. 1951) (holding firearms and screwdriver identified by owner as property stolen from hardware store properly admitted in evidence); 
see also Overton v. State
, 490 S.W.2d 556, 560 (Tex. Crim. App. 1973) (noting that where a witness testifies that an item appears to be the same item taken during an offense, the proper predicate is laid for admission of that item into evidence).

Here, the court admitted into evidence photographs depicting the apartment office in a state of disarray, computer equipment unplugged and strewn about the building, and additional computer equipment in the open trunk of a nearby car.  Emma Walker, manager of the Overlook Apartments, pointed out on the crime scene photographs the bare desks where computer equipment had been located before the burglary.  She identified the computer equipment found in the trunk of the car as property taken from the apartment office.  The photographs Aragon complains of supplemented Walker’s testimony and aided the jury in determining whether and how the charged burglary took place. Hence, the trial court did not abuse its discretion by admitting the photographs into evidence.  We overrule Aragon’s fourth issue.

Finally, in his fifth issue, Aragon complains that the trial court erred by admitting certain burglary tools found at the scene.  Items believed to have been used in the commission of an offense are admissible in evidence when relevant to prove the context of the defendant’s actions.  
See Miller v. State
, 874 S.W.2d 908, 915 (Tex. App.—Houston [1
st
 Dist.] 1994, pet. ref’d) (
holding two cases of poker chips and other physical evidence relevant and admissible to prove defendant’s gambling activities).  In this instance, the trial court admitted into evidence a magnetic key-card, a crowbar, two screwdrivers, and a box-cutter found at the scene.  These tools were relevant to prove that Aragon was burglarizing the apartment office on the night of his arrest.  We hold that admitting these items into evidence was not an abuse of discretion and overrule Aragon’s fifth issue.

V. Conclusion

Having overruled all of Aragon’s issues, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[Delivered March 20, 2003]