William Jehu HALL, Appellant,

v.

The STATE of Texas, Appellee.

No. 45508.

Court of Criminal Appeals of Texas.

Dec. 13, 1972.

Aubrey Davee, Brady, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for felony theft. After the jury had returned a verdict of guilty, the court assessed punishment at five years.

Appellant's sole contention is that the evidence is insufficient to support the conviction and, at most, shows that he was only guilty of the misdemeanor offense of driving an automobile without the owner's consent under Article 1341, Vernon's Ann. P.C.[1]

G. E. Duncan, an automobile dealer in Brady, testified that he was the owner of a 1961 Chevrolet pickup, license number 8K–2666, on November 4, 1968. The pickup was last seen on his used car lot about noon on said date. Duncan testified that the reasonable market value of the pickup in McCulloch County on the date in question was six hundred and ninety-five dollars and that he gave no one permission to remove the pickup from his lot. After having seen the pickup at noon, Duncan testified that he did not see the vehicle again until late that afternoon when it was returned to him by officers.

Ken Harvison testified that at about 12:45 on the day in question, he saw a man run and jump into a pickup in front of Pinkie's Liquor Store in Brady and take off at a high speed, and that shortly thereafter, the pickup "just about hit me head on." Harvison reported the license number 8K–2666 to officers.

Mrs. Frances Slayton identified appellant as the person she saw get in a Chevrolet pickup in front of her store and "burned rubber all the way around the store" about twenty minutes to one on the day in question. Mrs. Slayton took the license number 8K–2666 and reported same to the authorities.

1. Article 1341(b), V.A.P.C., provides:
"Whoever wilfully and in absence of the owner drives or operates or causes to be so driven or operated upon any public road or highway any automobile, motorcycle, or other motor vehicle, bicycle, buggy or other horse driven vehicle of a value of more than Two Hundred Dollars ($200.00) without the consent of the owner thereof, shall be fined not to exceed One Thousand Dollars ($1,000.00), or be imprisoned in jail not to exceed one (1) year, or by both such fine and such imprisonment, or shall be confined in the State Penitentiary for any term not to exceed three (3) years. As amended Acts 1959, 56th Leg., p. 649, ch. 300, § 1."

Highway Patrolman Ward was given a report on the pickup with description and license number. Ward testified that he stopped the pickup in Concho County, at the intersection of Farm Road 765 and U. S. 83 at about 2:00 P.M. Ward identified appellant as the sole occupant of the vehicle.

Appellant did not testify and offered no evidence in his behalf.

■ Appellant admits in his brief that Duncan did not give him permission to take the automobile but urges that nowhere in the record is there any evidence that no agent, servant, or employee of Duncan did not give him such permission.

In 5 Branch's Ann.Penal Code, 2d ed., Section 2639, it is stated, "The state is not required to prove the want of consent of any person not mentioned in the indictment or information." See numerous cases cited for this proposition of law in said section of Branch's. The indictment alleged that the pickup was taken from the possession of G. E. Duncan without his consent. Duncan testified that it was taken from his possession without his consent.

Appellant urges that the evidence reflects that the pickup was taken without intent to steal and that there is no evidence that the appellant intended to deprive the owner of the value thereof. In Israel v. State, 158 Tex.Cr.R. 574, 258 S.W.2d 82, this Court, ruling on a similar contention, said:

"We overrule the contention that the state failed to prove an intent on the part of appellant to deprive the owner of the 1946 Model Ford car and to appropriate it to his own use and benefit. There is no testimony to the effect that the taking was for any purpose other than to appropriate and deprive the owner of the automobile."

■ We find the evidence sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.