Lee Andrew WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 59426.

Court of Criminal Appeals of Texas,
Panel No. 3.

Oct. 1, 1980.

Michael Allen Peters, Houston, for appellant.

Carol S. Vance, Dist. Atty., Alvin M. Titus, and Mack Arnold, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, PHILLIPS and DALLY, JJ., and KEITH, C.

## OPINION

KEITH, Commissioner.

Appellant was indicted for the offense of unauthorized use of a motor vehicle. V.T. C.A., Penal Code, § 31.07 (1974), a felony of the third degree. He pleaded not guilty but the jury found him to be guilty. The indictment also contained two enhancement paragraphs and, upon the punishment hearing, the appellant pleaded "not true" to such paragraphs. The jury found the enhancement paragraphs to be true and the Court sentenced appellant to confinement for life.

We first consider the second ground of error contending that the evidence was insufficient to support the conviction. Around seven o'clock in the evening of May 7, 1976, Jon Cowsar visited the Petroleum Club in Houston, driving there in his 1975 Mercury automobile. He turned his car over to the parking attendant but when he sought to retrieve his car at about 11:30 p. m., it could not be located and the police were notified of the theft of the car.

On May 12, auto theft detective G. L. Attebery of the Houston Police Department was driving an unmarked police vehicle when he notice appellant driving a Mercury Cougar car which had license plates which appeared upon his list of stolen vehicles which he had with him at the time. He checked with his dispatcher and verified the fact that it was a stolen vehicle.

He followed the Mercury with appellant driving until it pulled into the driveway of a drugstore where the officer came up alongside appellant. Attebery then exhibited his badge and told appellant that he was under arrest. Appellant "dropped it in gear and he took off." Attebery followed appellant and was eventually joined by several other police cars, the chase lasting for some twenty minutes with speeds up to one hundred miles per hour.

After two minor collisions with Attebery's car, appellant lost control of the Mercury and it slammed into a tree. Appellant jumped out and ran but two other policemen who had been engaged in the chase captured him several blocks from the scene of the wreck.

Attebery was positive of his identification of appellant as the driver of the car at all times involved in the chase. Officer Atte-

bery testified that appellant was "high" on some substance when he first saw him; but, the next morning when he saw him in the jail, appellant said that a man by the name of Johnny Johnson had given him the car.

Appellant's mother testified that appellant had been staying at her house but that on May 7, he, his brother and a young nephew left to catch a bus to Galveston, returning the next afternoon. She never saw the Mercury automobile around her house.

Jim Moore, a private investigator called by appellant, testified that he had located several people who knew Johnny Johnson, but Johnson did not testify, a matter upon which we will comment later in the opinion.

■ The trial court did not err in overruling appellant's motion for an instructed verdict. The jury was the exclusive judge of the credibility of the witnesses and of the weight to be given to their testimony. Viewing the evidence in the light most favorable to the verdict, as we must, it is sufficient to support the verdict. *Esquivel v. State*, 506 S.W.2d 613, 615 (Tex.Cr.App. 1974). Moreover, flight from the officers, while not sufficient evidence of guilt when standing alone, when accompanied by other evidence, as in this cause, is a strong circumstance of guilt. *Mitchell v. State*, 517 S.W.2d 282, 285 (Tex.Cr.App. 1974), and authorities therein cited. Ground two is overruled.

In his first ground of error appellant contends that the trial court erred in admitting the record of one of his prior convictions in evidence at the punishment hearing because the record did not include a written waiver of trial by jury signed by appellant and State's counsel. Primary reliance is placed upon Art. 1.13, Vernon's Ann.C.C.P., and *Thompson v. State*, 154 Tex.Cr.R. 273, 226 S.W.2d 872 (1950).

The second enhancement paragraph in the indictment alleged that appellant was convicted on June 16, 1972, of a felony in the district court of Harris County, Texas, in cause No. 172612. When the original of the court records were produced, there was no formal written waiver of trial signed by appellant found among such papers. Appellant testified, for the limited purpose of his motion, that while he signed a stipulation of the evidence in the case, no one ever mentioned a waiver of trial by jury and he did not execute any such waiver.

The records custodian, James Stubbs, testified that while he could not find the written instrument, it was not unusual for papers to be missing, lost, or misplaced in the files of his office. He testified that the inscription on the outside of the indictment in Cause No. 134223 reading: "10/3/68 jwpgtw–2 yrs. TDC" was a commonly used abbreviation signifying the date and *J*ury *W*aived *P*lead *G*uilty *T*en days *W*aived, with the punishment assessed at two years confinement in the Texas Department of Corrections.

The judgment in Cause No. 134223 in 1968 was entered upon a form with the information about the case typed into the printed form. It read:

"The Defendant having been indicted in the above entitled and numbered cause for the felony offense of Theft and this cause being this day called for trial, the State appeared by her District Attorney and the Defendant Lee Andrew Williams appeared in person and by Counsel, Arthur Glover, and both parties announced ready for trial. The Defendant, in person and in writing, in open court, having waived his right of trial by jury (such waiver being with the consent and approval of the Court and now entered of record on the minutes of the Court, and such waiver being with the consent and approval of the District Attorney in writing and filed in the papers of this cause), was arraigned and, in open court, pleaded guilty to the charge contained in the indictment...."

■ It is readily apparent from the foregoing that appellant is now making a collateral attack upon a judgment regular upon its face. The present complaint is without merit. *Berry v. State*, 582 S.W.2d 463, 466 (Tex.Cr.App. 1979); *Ex parte Huddleston*, 149 Tex.Cr.R. 388, 194 S.W.2d 401, 405 (1946).

The only corroboration of appellant's testimony that he did not execute the written waiver of trial by jury was the fact that the custodian could not produce the paper itself. He made a reasonable explanation of its loss which was accepted by the trial court. This Court has long adhered to the rule that "the testimony of an appellant alone is insufficient to overcome the presumption of regularity of the records." *Harvey v. State*, 485 S.W.2d 907, 909 (Tex.Cr.App. 1972).

We find no merit in ground number one and it is overruled.

■ We find no merit in appellant's multifarious ground of error number three. In this instance, appellant complains that while the trial court originally granted appellant's oral motion for an attachment for a missing witness, such order was vacated when it developed that the witness had not been served with a subpoena. We are unable to determine if the complaint is the action of the trial court in overruling the motion for continuance, the vacation of the order of attachment, or the refusal of the motion for new trial because of the absence of such witness.

It is apparent from the ground itself, as well as the arguments set out thereunder that the ground is multifarious and does not comply with Art. 40.09, Sec. 9, Vernon's Ann. C.C.P. See *Wilson v. State*, 581 S.W.2d 661, 666 (Tex.Cr.App. 1979); *Wells v. State*, 576 S.W.2d 857, 859 (Tex.Cr.App. 1979); *Rodriguez v. State*, 530 S.W.2d 944, 945 (Tex.Cr.App. 1975). The ground of error is overruled.

Appellant's fourth and fifth grounds of error relate to the charge and will be discussed jointly. In the fourth ground of error he complains of the refusal of a special charge involving the consent of an apparent owner of the vehicle.[1] The fifth complaint is based upon an objection to the charge because it did not include a charge on criminal trespass as defined in Sec. 30.05 of the Penal Code.

The only authority relied upon as supporting each complaint is *Gavia v. State*, 488 S.W.2d 420 (Tex.Cr.App. 1972). We do not find the cited case to be in point in the case at bar. The accused's own testimony in *Gavia* raised the issue of self–defense against an unlawful violent attack as provided in Article 1224, 1925 Code. And, when an appropriate objection was made because of the omission of such charge, reversible error was shown.

■ It has long been the rule in this State that in felony cases it is necessary to give instructions which are applicable to every legitimate deduction from the facts. Literally dozens of cases are cited in 12A Tex. Digest, Criminal Law, Key No. 770(2) (1960). The rule and supporting authorities were set out in detail in *Gauthier v. State*, 496 S.W.2d 584, 585 (Tex.Cr.App. 1973).

But the rule is not applicable here. In *Bonner v. State*, 426 S.W.2d 869, 870 (Tex. Cr.App. 1968), this Court reversed a conviction upon similar facts; but the distinction there is that the defendant testified that he did not know the car was stolen and that he had been given the car to use by his friend James. This Court held that this was sufficient to raise the defensive issue and to require the court to charge the jury thereon.

In our case, the appellant did not testify, the only evidence being the officer's testimony as to appellant's exculpatory statement. In this respect, the decision in *Harper v. State*, 533 S.W.2d 776, 777 (Tex.Cr. App. 1976), is dispositive. There, the defendant claimed that his exculpatory statement as to the ownership of the vehicle entitled him to a charge on ownership. The contention was rejected because there, as here, there was no evidence that the third

---

1. "It is a defense to the indictment of unauthorized use of motor vehicle if the Defendant had permission and consent of a person who was vested with apparent rights of ownership and that the permission and consent of the party giving use of the car to Defendant was not the true owner but the Defendant believed him to be the true owner and drove the car; if you believe that the Defendant received the car from someone not the true owner but vested as apparent owner, then you will find Defendant not guilty."

party had given appellant consent to use the car.

 In our case, the State proved that Cowsar owned the vehicle and that appellant operated it without Cowsar's effective consent. It was not required to prove the want of consent of any person not mentioned in the indictment. *Hall v. State*, 487 S.W.2d 721, 723 (Tex.Cr.App. 1972). Thus, the evidence did not require the trial court to give the requested charge. *Harper v. State*, supra.

 In contending that the trial court erred in failing to charge on the lesser included offense of criminal trespass, appellant has assumed his major premise. Criminal trespass, as denounced in Sec. 30.05 of the Penal Code relates to "property" or "a building" and is quite foreign to the offense charged against appellant, the unauthorized use of a vehicle as denounced in Sec. 31.-07(a) of the Code. One statute relates to real property, land and buildings, while the other relates to chattels--boats, airplanes, or motor--propelled vehicles.

 The determination of whether an offense is a lesser included offense under Art. 37.09, Vernon's Ann. C.C.P., must be made upon a case by case basis. The controlling factor is based "on whether the lesser offense could be proved by the same facts as necessary to establish the offense charged." *Day v. State*, 532 S.W.2d 302 (Tex.Cr.App. 1975); *Hazel v. State*, 534 S.W.2d 698, 700 (Tex.Cr.App. 1976).

 Making application of the usual rules (see, e.g., *Hazel v. State*, supra), we are of the opinion that criminal trespass, as denounced in Sec. 30.05, is not a lesser included offense to the offense of unauthorized use of a motor vehicle under Sec. 31.-07(a).

 Appellant filed a motion for permission to appear and be recognized as co--counsel in the trial of the case. Although there is no record showing that the motion ever came to the attention of the trial judge, we meet the complaint directly. Such type of hybrid representation was condemned by this Court in *Landers v. State*, 550 S.W.2d 272, 280 (Tex.Cr.App. 1977, on rehearing). We are not persuaded to deviate from the rule established in *Landers*, supra.

 Finally, in a supplemental brief, appellant contends that the recidivist statute, Sec. 12.42(d), Penal Code, is unconstitutional. In urging this contention, appellant relies upon *Rummel I*,[2] a panel opinion which was rejected by the Court en banc in *Rummel II*,[3] which, in turn, was affirmed in *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980). The complaint now made is without substance and is overruled.

Having considered all of appellant's complaints and finding no error, the judgment of the trial court is affirmed.

Opinion approved by the panel.

---

**2.** *Rummel v. Estelle*, 568 F.2d 1193 (5th Cir. 1978).

**3.** *Rummel v. Estelle*, 587 F.2d 651 (5th Cir. 1978).