ACCEPTED
01-14-00721-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
5/8/2015 11:02:13 AM
CHRISTOPHER PRINE
CLERK

**No. 01-14-00721-CR**
In the
**COURT OF APPEALS**
For the
**FIRST JUDICIAL DISTRICT**
At Houston

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

5/8/2015 11:02:13 AM

CHRISTOPHER A. PRINE
Clerk

| | | |
|---|---|---|
| **JAMES JORDAN** | § | **APPELLANT** |
| **V.** | § | |
| **THE STATE OF TEXAS** | § | **APPELLEE** |

**APPEAL FROM THE 240TH JUDICIAL DISTRICT COURT
FORT BEND COUNTY, TEXAS
TRIAL COURT NO. 13-DCR-062954B**

**STATE'S BRIEF**

*Counsel for Appellee, The State of Texas*
**JOHN F. HEALEY**
DISTRICT ATTORNEY
FORT BEND COUNTY, TEXAS
301 Jackson Street, Richmond, Texas 77469
(Tel.) 281-341-4460/(Fax) 281-238-3340

**JASON BENNYHOFF**
ASSISTANT DISTRICT ATTORNEY
FORT BEND COUNTY, TEXAS
301 Jackson Street, Richmond, Texas 77469
(Tel.) 281-341-4460/(Fax) 281-238-3340/jason.bennyhoff@fortbendcountytx.gov

**ORAL ARGUMENT NOT REQUESTED**

i

## IDENTIFICATION OF PARTIES

Pursuant to Tex. R. App. P. 38.1, a complete list of the names of all interested parties is provided below so the members of this Honorable Court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the case.

**Appellant:**
**JAMES JORDAN**

**Appellee:**
**THE STATE OF TEXAS**

**Counsel for Appellant:**
**LASHAWN WILLIAMS**
**(AT TRIAL AND ON APPEAL)**

**Address(es):**
**1776 Yorktown, Suite 350**
**Houston, Texas 77056**

**Counsel for Appellee/State:**
**JOHN F. HEALEY, JR.**
**District Attorney of Fort Bend County, Texas**
**Fort Bend County District Attorney's Office**

**Address(es):**
**301 Jackson Street, Rm 101**
**Richmond, Texas 77469**

**IDENTIFICATION OF PARTIES (cont.)**

**STUTI PATEL AND ZAHRA JIVANI-FENELON**
**Assistant District Attorneys, Ft. Bend County, Tx.**
**(AT TRIAL)**

**JASON BENNYHOFF**
**Assistant District Attorney, Ft. Bend County, Tx.**
**(ON APPEAL)**

**JOHN J. HARRITY, III**
**Assistant District Attorney, Ft. Bend County, Tx.**

**Trial Judge:**
**The Hon. Lee Duggan, Jr., sitting by assignment of the presiding judge**
**240th Judicial District Court**
**Fort Bend County, Texas**

**The Hon. Thomas R. Culver, III**
**Presiding Judge, 240th Judicial District Court**
**Fort Bend County, Texas**

# TABLE OF CONTENTS

**SECTION**                                                                               **PAGE**

IDENTIFICATION OF PARTIES ........................................................................ ii

TABLE OF CONTENTS ................................................................................iv

INDEX OF AUTHORITIES................................................................................vi

STATEMENT REGARDING ORAL ARGUMENT....................................................ix

STATEMENT OF THE CASE..............................................................................1

ISSUES PRESENTED BY APPELLANT ................................................................2

STATEMENT OF FACTS ..................................................................................3

SUMMARY OF THE ARGUMENT ....................................................................7

RESPONSE TO APPELLANT'S FIRST POINT OF ERROR

      THE TRIAL COURT DID NOT ERR BY DENYING APPELLANT'S MOTION FOR A NEW TRIAL BASED ON SUPPOSED JUROR MISCONDUCT

      ........................................................................................9

      Standard of Review................................................................9

      Argument and Authorities.......................................................10

RESPONSE TO APPELLANT'S SECOND AND THIRD POINTS OF ERROR

      APPELLANT'S CLAIM THAT HE WAS NOT MADE AWARE THAT THE COMPLAINANT WAS TRANSGENDERED DOES NOT ESTABLISH A *BRADY* VIOLATION NOR HAS APPELLANT ESTABLISHED THAT THIS INFORMATION WAS MATERIAL, AND THIS DOES NOT CONSTITUTE NEW EVIDENCE NECESSITATING A NEW TRIAL

.............................................................................................13

    Standard of Review.......................................................................13

    Argument and Authorities............................................................14

RESPONSE TO APPELLANT'S FOURTH POINT OF ERROR

    APPELLANT WAIVED ANY COMPLAINT REGARDING THE PROPRIETY OF THE ENHANCEMENT PARAGRAPHS, AND EVEN PRESUMING NON-WAIVER THERE WAS NO ERROR AND APPELLANT'S POINT OF ERROR IS MULTIFARIOUS AND SHOULD BE DISREGARDED

    .............................................................................................16

    Standard of Review.......................................................................16

    Argument and Authorities............................................................16

RESPONSE TO APPELLANT'S FIFTH POINT OF ERROR

    APPELLANT HAS WAIVED HIS ARGUMENT THAT THE TRIAL COURT ERRED IN ALLOWING A PORTION OF THE TRANSCRIPT TO BE READ BACK TO THE JURORS, AND THE TRIAL COURT DID NOT ERR IN ANY EVENT BECAUSE THE JURORS EXPRESSED A DISPUTE

    .............................................................................................23

    Standard of Review.......................................................................24

    Argument and Authorities............................................................24

PRAYER    .............................................................................................27

# INDEX OF AUTHORITIES

## Cases

*Barnes v. University Federal Credit Union*, No. 03-10-00147-CV, 2013 WL 1748788 (Tex. App.—Austin Apr. 18, 2013, no pet.)..............................................12

*Boyett v. State*, 692 S.W.2d 512, 516 (Tex. Crim. App. 1985) ................................15

*Brooks v. State,* 642 S.W.2d 791, 793 (Tex. Crim. App. 1982) ..............................17

*Cisneros v. State*, No. 14-00-01236-CR (Tex. App.—Houston [14th Dist.] May 2, 2002, pet. ref'd)..............................................................................................12

*Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014)............................ 9-11

*Contreras v. State*, 369 S.W.3d 689, 690 (Tex. App.—Tyler 2012, no pet.) ...........21

*Cook v. State*, 256 S.W.3d 846, 851 (Tex. App.—Texarkana 2008, no pet.)...........18

*Davila v. State*, 930 S.W.2d 641, 654 (Tex. App.—El Paso 1996, pet. ref'd).........22

*Diaz-Galvan v. State*, 942 S.W.2d 185, 186 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd)......................................................................................................23

*Hampton v. State*, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002).............................13

*Harmelin v. Michigan*, 501 U.S. 957 (1991) ..........................................................21

*Harvey v. State*, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981) ..............................18

*Hurst v. State*, No. 12-07-00060-CR, 2008 WL 2814819 (Tex. App.—Tyler Jul. 23, 2008, no pet.)...................................................................................................22

*Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973) ..............................21

*Keeter v. State*, 74 S.W.3d 31, 37 (Tex. Crim. App. 2002) .......................................9

*Lockyer v. Andrade*, 538 U.S. 63, 73 (2003)...........................................................21

*Matthews v. State*, No. 03-13-00037-CR, 2014 WL 7466653 (Tex. App.—Austin Dec. 23, 2014, pet. ref'd) .................................................................................12

*McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992) ........................................21

*McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App. 2012)..................... 9-12

*Montoya v. State*, 872 S.W.2d 24, 25 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd)..................................................................................................................25

*Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd)..................................................................................................................24

*Rivera v. State,* 808 S.W.2d 80, 95 (Tex. Crim. App. 1991) ....................................17

*Roberson v. State*, 371 S.W.3d 557, 560 (Tex. App.—Houston [1st Dist.] 2012 ....18

*Robison v. State*, 888 S.W.2d 473, 480 (Tex. Crim. App. 1994)..............................24

*Rummel v. Estelle*, 445 U.S. 263 (1980) .................................................................22

*Ryser v. State*, 453 S.W.3d 17, 41 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) ........................................................................................................ 9, 10, 12, 13

*Scoggins v. State*, No. 09-11-00598-CR, 2013 WL 3354220 at *4-5 (Tex. App.—Beaumont Jun. 26, 2013, pet. ref'd) ..................................................................20

*Solem v. Helm*, 463 U.S. 277, 290 (1983)................................................................21

*State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004) ..................................16

*State v. Richardson*, 439 S.W.3d 403, 404 (Tex. App.—Fort Worth 2014, pet. ref'd) .......................................................................................................... 16, 18, 19

*Trotti v. State*, 698 S.W.2d 245, 246 (Tex. App.—Austin 1985, pet. ref'd) ..... 18, 19

*United States v. Agurs*, 427 U.S. 97, 112-13 (1976) ...............................................14

*Weeks v. State*, No. 06-12-00110-CR, 2013 WL 557015 at *10 (Tex. App.—Texarkana Feb. 14, 2013, no pet.).......................................................................23

*Wilkerson v. State*, 391 S.W.3d 190, 199-200 (Tex. App.—Eastland 2012, pet. dism'd untimely filed)............................................................................................18

*Williams v. State*, 605 S.W.2d 596 (Tex. Crim. App. 1980)....................................17

*Wooten v. Sourthen Pacific Transp. Co.*, 928 S.W.2d 76, 79 (Tex. App.—Houston [14th Dist.] 1995, no pet.) ....................................................................................11

## Statutes

Tex. Pen. Code §12.32(a)............................................................................22

Tex. Pen. Code §12.32(b)............................................................................22

Tex. Pen. Code §12.41(1)............................................................................19

Tex. Pen. Code §12.42(d)....................................................................... 20, 22

Tex. Pen. Code §30.02(d)............................................................................21

Tex. Code Crim. Proc. §36.28.................................................................. 25, 26

Tex. Code Crim. Proc. §40.001....................................................................15

Tex. R. App. 33.1(a)..................................................................................24

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Tex. R. App. P. 39, the State does not request oral argument unless granted to Appellant.

**No. 01-14-00721-CR**
In the
**COURT OF APPEALS**
For the
**FIRST JUDICIAL DISTRICT**
At Houston


| JAMES JORDAN | § | APPELLANT |
| V. | § | |
| THE STATE OF TEXAS | § | APPELLEE |


**APPEAL FROM THE 240TH JUDICIAL DISTRICT COURT
FORT BEND COUNTY, TEXAS
TRIAL COURT NO. 13-DCR-062954B**

## STATEMENT OF THE CASE

Appellant was charged in this cause number with the offense of burglary of a habitation with the intent to commit sexual assault. (1CR6). Appellant pled not guilty and proceeded to a trial by jury. (3RR186). Appellant was found guilty of burglary of a habitation with the intent to commit sexual assault by the jury. (1CR45). Appellant then proceeded to a contested punishment phase tried to the jury, and the jury, after finding several enhancement paragraphs true, assessed a sentence of 30 years' confinement in the Texas Department of Criminal Justice – Institutional Division. (1CR61-62). Appellant filed a motion for new trial, and an amended motion for new trial. (1st Supp. CR49; 1CR73). The trial court held a

1

hearing on that motion for new trial, and ultimately denied the motion. (1CR123).

This appeal follows. (1CR126).

## ISSUES PRESENTED BY APPELLANT

I. "Whether the denial of Appellant's Motion for New Trial was reversible error in that it violated the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and Texas Constitution, and specifically:

   a. "Whether Appellant was deprived of his rights to due process and a fair and impartial trial due to the misconduct of a juror during guilt phase deliberations, wherein said juror reenacted and recreated the crime scene and then shared her demonstration and conclusions with fellow jurors, thereby influencing their vote.

   b. "Whether Appellant was deprived of his rights to due process and a fair and impartial trial when in violation of *Brady* the prosecutor deliberately withheld the legal identity, including legal name and gender, of the complaining witness.

   c. "Whether the legal identity of the complainant discovered after trial is considered new evidence that would have resulted in a different trial result thereby justifying a new trial.

   d. "Whether the jury charge of the court on enhancement of the punishment was improper because prior convictions for non-aggravated state jail felonies cannot be used to enhance other felonies.

   e. "Whether the reading back of witness testimony was improper because the jury notes never clearly delineated a disputed issue, as required by Texas law, and because only the direct examination portion was read back to the jury whereas both direct and cross examination portions should have been included."

App. Br. at p. 3-4.

## STATEMENT OF FACTS

*The Underlying Offense*

Lupe Valdez (Valdez) heard someone pounding on her door and screaming that her vehicle was about to be towed late at night. (4RR73-75). Valdez opened the door to find Appellant, whom she had been approached by several days earlier. (4RR75-76). Appellant asked Valdez if he could come inside and put his foot in the door after being told "no." (4RR76-77). Appellant then forced his way into Valdez's apartment. (4RR77).

Appellant choked Valdez with a black cloth and forced Valdez into the bedroom, where Appellant attempted to sexually assault Valdez. (4RR84-85). Unbeknownst to Appellant, Valdez had managed to bring a cell phone into the bedroom and called 911 as the assault was taking place. (4RR88). The police arrived at the apartment just after Appellant discovered that Valdez had called 911. (4RR102-03).

*Jury Deliberations*

During the jury's deliberations, the jury sent out a series of questions, and the trial court gave a series of responses to those questions. (1CR48-54). The first question and response read, in relevant part:

Question: We would like to see the transcript of Mr. Bibbins (Christopher) testimony.

Response:  If you are in dispute … as to some portion of a witness's testimony, please tell us (1) the name of the witness; (2) what testimony you are in disagreement about; and – helpfully, which lawyer was questioning the witness at that time.

(1CR48).

The jury sent out a second question, and the trial court responded.  (1CR51-52).  The question and response read, in relevant part:

Question:  We would like Lupe Valdez's testimony regarding when Mr. Jordan first arrived at her home and up until they went to the bedroom and we would like Lupe Valdez's testimony of her first encounter with Mr. Jordan, the first approach in October/November 2012.

(1CR51).

Response:  Please explain in more detail what you are in dispute about in your 1st question ….  We understand your 2nd question and the Reporter will read you her notes on that.

(1CR52).

The jury sent out a third question, which was not responded to in writing, which read as follows:

4

Question: We want to know what Lupe Valdez said about when Mr. Jordan exposed himself. We also want to know what Mr. Jordan said to her (her account) upon entering the apartment.

(1CR53).

Appellant made no objection on the record to the trial court's responses to the jury's questions until after those responses were made. (8RR4). Appellant's trial counsel stated "we believe that having read the testimony before the jury on Friday was in error…." (8RR4). The trial court asked Appellant's counsel if she had heard what was to be read to the jury prior to its being read, and Appellant's trial counsel acknowledged that this objection was not made previously and in fact not prior to the jury returning a verdict. (8RR5-6).

The record does not reflect exactly what was read back to the jury, but the State's attorney stated that Appellant's attorney agreed to reading back the portion of the record that was read back to the jury, and Appellant's counsel did not contradict that statement. (8RR7-8).

*The Punishment Phase*

Appellant pled "guilty" to the enhancement paragraphs in the indictment. (9RR16-17). Appellant did not object to the admission of the judgments and sentences of his prior convictions. (9RR25). The court's charge on punishment reflected that Appellant pled "true" to the enhancement paragraphs and provided

the jury with a punishment range of 25-99 years or life in prison. (1CR58). Appellant did not object to the enhancement portion of the jury charge and stated that it was acceptable to the defense. (10RR4). Appellant acknowledged during closing argument that the punishment range was 25-99 years and that Appellant had pled true to the enhancements. (10RR10-11).

The jury returned a sentence of 30 years' confinement. (11RR4).

*The Motion for New Trial*

The foreperson of the jury testified that juror number 42 had conducted an experiment with her husband during a break in deliberations. (Mtn. for New Trial transcript 64-65). The foreperson testified that juror number 42 said she had her husband throw her on her bed, and place her on her bed in order to see which scenario looked more like the crime scene photos. (Mtn. for New Trial transcript 64-65). The foreperson testified that this reenactment had an effect on her and the other jurors and affected their verdict. (Mtn. for New Trial transcript 72-74).

The trial court entered findings of fact and conclusions of law. (2nd Supp. CR 4-12). The trial court concluded that the juror's experiment was not an outside influence. (2nd Supp. CR 10). The trial court concluded that this experiment did not have the kind of effect on the hypothetical average juror to necessitate a new trial. (2nd Supp. CR 10).

# SUMMARY OF THE ARGUMENT

Appellant brings a single point of error arguing that the trial court erred in denying his motion for new trial for various reasons. Although Appellant titles his arguments as one point of error with distinct subparts, the State will address them as separate points of error as this seems more accurately to reflect the substance and intent of Appellant's brief.

Appellant first argues that an experiment conducted by a juror during deliberations constituted an outside influence and that this necessitates a new trial. The experiment here was conducted by the juror and reflected her thought process and therefore does not constitute an outside influence.

Appellant argues in his second and third points of error that the fact that the complainant was transgendered, and that he was not specifically notified of this fact pre-trial constitutes a *Brady* violation and/or new evidence necessitating a new trial. Because these points of error are so closely related, the State addresses them together. The complainant's identifying as transgender is not exculpatory nor mitigating, and therefore no *Brady* violation occurred. Further, Appellant does not even attempt to show how such information was material even presuming it could be exculpatory or mitigating. Finally, this does not constitute new evidence necessitating a new trial under the governing statute.

Appellant's fourth point of error argues that his punishment was improperly enhanced because some of the offenses of which he was convicted in Louisiana would have constituted state jail felonies in Texas. The offenses of which Appellant was convicted in Louisiana were felonies under Louisiana law and because confinement in the penitentiary was a possible sanction, they constitute at least third degree felonies under the governing Texas statute. Appellant's enhancement was therefore proper.

Appellant's fifth and final point of error argues that the trial court abused its discretion by reading back a portion of the trial testimony to the jury when there was no dispute as to that testimony. Appellant has waived this argument by not objecting to the reading back of the testimony until after the testimony was read back. Appellant has also failed to bring a sufficient record to show error. Based on the record as it exists, the trial court's actions are in keeping with, and quite similar to those approved by the Court of Criminal Appeals in another case and therefore the trial court did not abuse its discretion in having the testimony read back.

**Response to Appellant's First Point of Error**

## THE TRIAL COURT DID NOT ERR BY DENYING APPELLANT'S MOTION FOR A NEW TRIAL BASED ON SUPPOSED JUROR MISCONDUCT

**Standard of Review**

A ruling on a motion for new trial will not be disturbed absent an abuse of discretion. *Keeter v. State*, 74 S.W.3d 31, 37 (Tex. Crim. App. 2002). "At a motion for new trial hearing, the judge alone determines the credibility of the witnesses. Even if the testimony is not controverted or subject to cross examination, the trial judge has discretion to disbelieve that testimony." *Colyer v. State*, 428 S.W.3d 117, 122 (Tex. Crim. App. 2014).

"Outside influences do not result in automatic reversals." *Ryser v. State*, 453 S.W.3d 17, 41 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd). Reviewing courts do not consider the impact of outside influences on individual jurors, but instead use an objective reasonable person test to decide what effect an outside influence would have had on the hypothetical average juror. *Colyer*, 428 S.W.3d at 129. An outside influence will necessitate a new trial where "there is a 'reasonable possibility that it had a prejudicial effect' by impacting the verdict, which [the reviewing court] answer[s] by using the objective standard of a hypothetical average juror." *Ryser*, 453 S.W.3d at 41 *quoting McQuarrie v. State*, 380 S.W.3d 145, 150 (Tex. Crim. App. 2012).

## Argument and Authorities

Appellant argues that a juror's experiment in recreating the crime scene while the jurors were separated constitutes an outside influence necessitating a new trial. App. Br. at p. 27. The trial court held otherwise that the experiment here did not constitute an outside influence, and further that it would not have impacted the hypothetical average juror to the degree necessary to require a new trial. The trial court did not abuse its discretion in so holding.

Appellant's argument is premised on the notion that the juror's conduct in this case is analogous to the facts in *McQuarrie*, wherein the Court of Criminal Appeals held that a juror's sharing his research on the internet into the effects of date rape drugs was an outside influence requiring the trial court to allow the movant to engage in a post-trial inquiry. *McQuarrie*, 380 S.W.3d at 155. It should be noted that the *McQuarrie* Court did not hold that a new trial was required, only that the trial court was required to hold a hearing on the motion for new trial and allow the movant to present his evidence in support of his motion for new trial. *Id*.

The State's position is that the facts of this case are more analogous to the scenarios in the line of cases which have found similar acts not to be outside influences, or at least more analogous to the line of cases which did not find that such outside influences required new trials, including *Ryser*, from this Court. The State would also point out that the Court of Criminal Appeals' opinion in *Colyer*

has pointed out that the impact of *McQuarrie* is not so sweeping as Appellant would posit, and in that opinion the Court of Criminal Appeals affirmed the continuing viability of several pre-*McQuarrie* precedents. *Colyer*, 428 S.W.3d at 128-30. As such, the trial court did not abuse its discretion in holding that the juror's experiment was not an outside influence, and even if it were, that it was not of such a nature as to require a new trial.

While it is true that *McQuarrie* expanded the definition of what constituted an outside influence, it still involved a scenario where a juror obtained information from an outside source and then presented it to the jury. *McQuarrie*, 380 S.W.3d at 148. This is not the situation here. Here, the juror engaged in her own experiment, without obtaining any information from any other source, and drew her own conclusions from that experiment. That experiment was about how a bed would look whether a person fell on it or laid down on it; the kind of thing which would be within the ordinary experience of an ordinary person and not the type of thing that would require more than ordinary logic to discern.

There is precedent to support the trial court's conclusion that this did not constitute an impermissible outside influence. *See, e.g., Wooten v. Sourthen Pacific Transp. Co.*, 928 S.W.2d 76, 79 (Tex. App.—Houston [14th Dist.] 1995, no pet.) (juror's opinion about safety of intersection which came from his own experiences at that intersection not an outside influence); *Matthews v. State*, No.

03-13-00037-CR, 2014 WL 7466653 (Tex. App.—Austin Dec. 23, 2014, pet. ref'd) (not designated for publication) (juror sharing her opinions about how CPS worked based on knowledge she obtained through her employment at juvenile facility did not constitute outside influence) (not designated for publication); *Barnes v. University Federal Credit Union*, No. 03-10-00147-CV, 2013 WL 1748788 (Tex. App.—Austin Apr. 18, 2013, no pet.) (not designated for publication) (juror's analysis of properly admitted credit report based on juror's own expertise was not an outside influence); *Cisneros v. State*, No. 14-00-01236-CR (Tex. App.— Houston [14th Dist.] May 2, 2002, pet. ref'd) (not designated for publication) (jurors' experiments on whether they could breathe with baggie similar to that used to hold narcotics in their mouths not an outside influence).

Even presuming that the experiment conducted here constituted an outside influence, the trial court did not abuse its discretion in holding that such an outside influence did not require a new trial. This is a position supported by the case law, including *McQuarrie* and *Ryser* from this Court. Again, *McQuarrie*, even where it held that the juror's internet research was an outside influence, did not require a new trial, only that the applicant be given an opportunity to have a full hearing on the outside influence. *McQuarrie*, 380 S.W.3d at 155. In *Ryser*, this Court held that a juror's looking up the definition of a word not defined in the jury charge was

an outside influence, but that this did not require a new trial. *Ryser*, 453 S.W.3d 17, 42-43.

This Court should therefore hold that the experiment conducted here did not constitute an outside influence, or that even if it was an outside influence, it was not so harmful as to require a new trial. Appellant's first point of error should be overruled.

**Response to Appellant's Second and Third Points of Error**

**APPELLANT'S CLAIM THAT HE WAS NOT MADE AWARE THAT THE COMPLAINANT WAS TRANSGENDERED DOES NOT ESTABLISH A *BRADY* VIOLATION NOR HAS APPELLANT ESTABLISHED THAT THIS INFORMATION WAS MATERIAL, AND THIS DOES NOT CONSTITUTE NEW EVIDENCE NECESSITATING A NEW TRIAL**

**Standard of Review**

To find reversible error under *Brady*, the defendant must show that: (1) the State failed to disclose evidence, regardless of good or bad faith; (2) the withheld evidence is favorable to him; (3) and that the evidence is material, that is, that there is a reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different. *Hampton v. State,* 86 S.W.3d 603, 612 (Tex. Crim. App. 2002). When claiming that exculpatory evidence was not disclosed in a timely fashion, the defendant bears the burden to show that, in light of all of the evidence, it is reasonably probable that the outcome of the trial would have been different had the prosecutor made a timely disclosure. *Id*. "The mere possibility

13

that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *Id.*, *quoting United States v. Agurs*, 427 U.S. 97, 112-13 (1976).

**Argument and Authorities**

Appellant claims that the complainant's biological gender was "favorable" to him. App. Br. at p. 33. Appellant also claims that this fact was material because "the state thought so because they withheld it." App. Br. at p. 33.

Appellant's claims are simply bald statements with no legal support whatsoever. Appellant cites no authority for the proposition that a transgendered person's biological gender is an exculpatory or mitigating fact and the State has found no authority for this proposition.

It should be noted that the indictment correctly identifies the complainant by her legal name (though it does not include a middle name). Appellant attempts only to analogize the fact that the complainant's gender was not affirmatively pointed out as being analogous to the concealment of the identity of a confidential informant. App. Br. at p. 33. These situations are inapposite being that the complainant in this case testified and was subject to cross examination, and Appellant had access to the complainant's true identity.

To the degree that Applicant's claim can be characterized as a claim of newly discovered evidence, it must also fail. The Texas Code of Criminal Procedure mandates that a "new trial shall be granted an accused where material evidence favorable to the accused has been discovered since trial." Tex. Code Crim. Proc. art. 40.001. In this context, the newly discovered evidence must satisfy four requirements before an accused will be entitled to a new trial: (1) the evidence was unknown to the movant before trial; (2) the defendant's failure to discover it was not due to a want of diligence on his part; (3) its materiality was such as would probably bring about a different result in another trial, and; (4) it was competent, not merely cumulative, corroborative, collateral, or impeaching. *Boyett v. State*, 692 S.W.2d 512, 516 (Tex. Crim. App. 1985).

Appellant makes no attempt to satisfy the *Boyett* factors, and even a cursory examination of them makes clear that he cannot do so even had he tried. By Appellant's admission, he became aware that the complainaint was a man during the trial. App. Br. at p. 17. However, Appellant did not make a motion for a continuance as a result of this discovery. This failure to make such a motion constitutes waiver, or at least establishes a want of diligence under *Boyett*.

Appellant does not even attempt to explain how this information was material other than to argue that it must have been material or the state would have pointed it out. App. Br. at p. 33. This is insufficient to establish materiality.

15

At best, even presuming a person's having identified himself as transgendered could be *Brady* material, it would be at most impeaching (as Appellant impliedly concedes). App. Br. at p. 38. As such, it is not material under *Boyett*. *Boyett*, 692 S.W.2d at 516. Appellant has failed to establish any *Brady* violation, and also failed to establish the materiality of any supposedly wrongfully withheld information. In light of this, it can hardly be said that the trial court abused its discretion in denying his motion for new trial on that ground.

Appellant's second point of error should be overruled.

**Response to Appellant's Fourth Point of Error**

### APPELLANT WAIVED ANY COMPLAINT REGARDING THE PROPRIETY OF THE ENHANCEMENT PARAGRAPHS, AND EVEN PRESUMING NON-WAIVER THERE WAS NO ERROR AND APPELLANT'S POINT OF ERROR IS MULTIFARIOUS AND SHOULD BE DISREGARDED

**Standard of Review**

Whether an offense from a foreign jurisdiction constitutes a felony for the purposes of enhancement is a question of law and is therefore reviewed *de novo*. *State v. Richardson*, 439 S.W.3d 403, 404 (Tex. App.—Fort Worth 2014, pet. ref'd) *citing State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004).

**Argument and Authorities**

Appellant argues that his Louisiana priors used for enhancement are not enhanceable under Texas law and that his sentence is cruel and unusual under the

Eighth Amendment to the United States Constitution. App. Br. at pp. 40-41. Appellant's point of error is multifarious and should not be considered on its merits. Even if it is considered on its merits, Appellant has waived his argument that his Louisiana priors are not enhanceable offenses. Even presuming that such error has not been waived, the judgments are not of the kind which is immediately apparent to be improper for enhancement purposes and therefore the judgment should stand. Appellant's punishment is also not cruel and unusual as it is well within the statutorily prescribed punishment range.

*Multifarious point of error*

Appellant's point of error alleges two separate and distinct grounds for relief. App. Br. at pp. 40-41. By combining more than one alleged error in a single ground, Appellant has presented a point of error that is multifarious and therefore, presents nothing for review. *Rivera v. State,* 808 S.W.2d 80, 95 (Tex. Crim. App. 1991); *Brooks v. State,* 642 S.W.2d 791, 793 (Tex. Crim. App. 1982); *Williams v. State*, 605 S.W.2d 596 (Tex. Crim. App. 1980). Nonetheless, the State will address Appellant's arguments individually out of an abundance of caution should this Court decide to consider them on their merits.

*The Louisiana priors*

A defendant's plea of true to an enhancement relieves the State of its burden to prove habitual offender status and the defendant waives any complaint that the

17

evidence is insufficient to support the habitual offender allegation. *Roberson v. State*, 371 S.W.3d 557, 560 (Tex. App.—Houston [1st Dist.] 2012, *aff'd*, 420 S.W.3d 832 (Tex. Crim. App. 2013) *citing Harvey v. State*, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981); *Cook v. State*, 256 S.W.3d 846, 851 (Tex. App.—Texarkana 2008, no pet.). However, there is authority for the proposition that a complaint regarding the propriety of prior convictions used for enhancement is not waived where the record affirmatively demonstrates that an enhancement is improper. *Wilkerson v. State*, 391 S.W.3d 190, 199-200 (Tex. App.—Eastland 2012, pet. dism'd untimely filed).

The State argues that Appellant waived any complaint regarding the propriety of his enhancements by not objecting to them at the trial stage and in fact pleading true to them. The State would further argue that even under *Wilkerson's* reasoning, the offenses herein are not affirmatively demonstrated in the record not to be enhanceable convictions and therefore the enhancement is proper.

In this vein, it should be noted that Texas cases have held that similar offenses (including similar Louisiana offenses) are enhanceable felonies under similar circumstances. *See Richardson*, 439 S.W.3d at 407 (Iowa conviction for operating a vehicle while intoxicated, unintentionally causing injury qualified as third degree felony because imprisonment in the penitentiary was a possible punishment; *Trotti v. State*, 698 S.W.2d 245, 246 (Tex. App.—Austin 1985, pet.

ref'd) ("[f]or the purpose of enhancing punishment, an out-of-state conviction is classified as a third degree felony when confinement in a penitentiary is affixed to the offense as a possible punishment") (internal quotation marks omitted). The holdings in *Richardson* and *Trotti* are in fact merely a straightforward application of Texas Penal Code section 12.41(1), which states in relevant part that "any conviction not obtained from a prosecution [under the Texas Penal Code] shall be classified as … [a] 'felony of the third degree' if imprisonment in the … penitentiary is affixed to the offense as a possible punishment…."

As Appellant concedes, the offenses of attempted simple escape and cocaine possession are considered felonies by the state of Louisiana, and are subject to imprisonment at hard labor. App. Br. at p. 40. Further, the judgments of Appellant's enhancement priors from Louisiana, contained in exhibit 24, all reflect that Appellant was sentenced to "imprisonment at hard labor," and that he is to be delivered to the Louisiana Department of Corrections. Therefore, under Louisiana law, it is a fair reading that all of these offenses are felonies, and are all subject to imprisonment in the penitentiary. Combining this with the definition of a third degree felony in Penal Code section 12.41(1) and the case law interpreting that section, which mandates that an offense from a foreign jurisdiction is to be treated as a third degree felony where imprisonment may be affixed as a possible

punishment, it is a logical conclusion that all of these offenses qualified as felonies for enhancement purposes.

Appellants' claim that several of these offenses would be state jail offenses under Texas law (even presuming this claim is correct) is also insufficient to secure a reversal here in light of the governing statute and the case law. *See Cook*, 256 at 851 (substantial similarity requirement does not apply to enhancements under Penal Code section 12.42(d); *Scoggins v. State*, No. 09-11-00598-CR, 2013 WL 3354220 at *4-5 (Tex. App.—Beaumont Jun. 26, 2013, pet. ref'd) (not designated for publication) (unauthorized use of a motor vehicle offense from Louisiana qualified as a felony for enhancement purposes).

Appellant has failed to show that his enhancements were improper and therefore his fourth point of error should be overruled.

*Cruel and Unusual Punishment*

Appellant also argues that his punishment is cruel and unusual and violates the Eighth Amendment to the United States Constitution. App. Br. at p. 41. Appellant's claim of cruel and unusual punishment should fail because the punishment assessed is well within the statutorily prescribed range of punishment.

Texas courts have traditionally followed the general rule that so long as the punishment assessed is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. *See, e.g., Jordan v.*

*State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). However, the Eighth Amendment to the United States Constitution's prohibition on cruel and unusual sentences can still invalidate a sentence even when it is within the statutory range. *See Solem v. Helm*, 463 U.S. 277, 290 (1983), *modified by Harmelin v. Michigan*, 501 U.S. 957 (1991) (plurality op.). The Eighth Amendment only prohibits grossly disproportionate sentences, and that prohibition is "applicable only in the 'exceedingly rare' and 'extreme' case." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (*quoting Harmelin*, 501 U.S. at 1001 (Kennedy, J., concurring)).

Where the grossly disproportionate analysis applies, a three part test is used to determine whether a sentence is violative of the Eighth Amendment. *Solem*, 463 U.S. at 292. The test requires the appellate court to make an initial threshold comparison of the gravity of the offense with the severity of the sentence and then, only if that initial comparison created an inference that the sentence was grossly disproportionate to the offense, consider (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions. *See McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992); *Contreras v. State,* 369 S.W.3d 689, 690 (Tex. App.—Tyler 2012, no pet.).

The offense of burglary of a habitation with intent to commit sexual assault is a first degree felony. Tex. Pen. Code §30.02(d). A person adjudged guilty of a first degree felony offense is subject to punishment of a term of confinement for

life or for any term of not more than 99 years or less than five years. Tex. Pen. Code §12.32(a). A person convicted of a first degree felony may also be assessed a fine not to exceed $10,000. Tex. Pen. Code §12.32(b). A habitual felony offender shall be subject to a term of confinement of not more than 99 years or less than 25 years. Tex. Pen. Code §12.42(d).

Appellant was sentenced as a habitual felony offender and ordered to serve a term of confinement of 30 years in the penitentiary. (1CR62). This sentence was well within the statutorily prescribed range. Appellant's sentence should therefore be considered presumptively reasonable and not cruel and unusual nor grossly disproportionate.

Appellant cannot meet the threshold determination that the severity of the sentence was grossly disproportionate to the gravity of the offense because Appellant was sentenced to only five years more than the statutory minimum confinement in a case where he committed a violent, sexually oriented first degree felony and was a habitual felony offender with a lengthy rap sheet. *See Rummel v. Estelle*, 445 U.S. 263 (1980) (mandatory life sentence for obtaining $120.75 by false pretenses not cruel and unusual where defendant was habitual offender); *Davila v. State*, 930 S.W.2d 641, 654 (Tex. App.—El Paso 1996, pet. ref'd); *Hurst v. State*, No. 12-07-00060-CR, 2008 WL 2814819 (Tex. App.—Tyler Jul. 23, 2008, no pet.) (not designated for publication)

Further, Appellant has failed to introduce evidence of sentences for similar crimes in any jurisdiction and therefore cannot carry his burden to show that his sentence was disproportionate to other sentences for similar crimes. *Diaz-Galvan v. State*, 942 S.W.2d 185, 186 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd); *Weeks v. State*, No. 06-12-00110-CR, 2013 WL 557015 at *10 (Tex. App.—Texarkana Feb. 14, 2013, no pet.) (not designated for publication).

Appellant's fourth point of error should be overruled.

**Response to Appellant's Fifth Point of Error**

## APPELLANT HAS WAIVED HIS ARGUMENT THAT THE TRIAL COURT ERRED IN ALLOWING A PORTION OF THE TRANSCRIPT TO BE READ BACK TO THE JURORS, AND THE TRIAL COURT DID NOT ERR IN ANY EVENT BECAUSE THE JURORS EXPRESSED A DISPUTE

Appellant argues in his fifth point of error that the trial court erred by allowing a portion of the trial transcript to be read back to the jurors when a dispute was not clearly established by the jury, and that this was also erroneous because only part of the examination was read back. Appellant has waived this argument by not objecting prior to this testimony being read back to the jury. Even presuming the argument has not been waived, the jury did establish a dispute in part of the note in question, and only the portion of the record relevant to that dispute was read to them.

## Standard of Review

A trial court's decision to allow testimony to be read back to the jury is reviewed for an abuse of discretion. *Robison v. State*, 888 S.W.2d 473, 480 (Tex. Crim. App. 1994).

## Argument and Authorities

*Waiver*

Appellant did not raise this objection in the trial court prior to the testimony being read to the jury and does not include any citation in his brief to any point in the record where such an objection was made. App. Br. at p. 42. Where an objection is not made in the trial court and the trial court does not rule on that objection, the issue is waived, even where it is an issue of constitutional dimension. Tex. R. App. 33.1(a); *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

Because Appellant did not properly preserve this issue, it should be considered waived and overruled without consideration of the merits. Even presuming the issue was properly preserved, it should still be overruled as being without merit especially in light of Appellant's failure to present a full and complete record to support his point of error.

*Failure to present full record*

It is Appellant's burden to present a sufficient record on which this Court may make a determination of whether error occurred. *Montoya v. State*, 872 S.W.2d 24, 25 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). Here, there are references to a conference in chambers at which Appellant's counsel agreed to the reading back of certain testimony, but it is not clear exactly what testimony was read back, not exactly what Appellant's counsel later objected to. Because Appellant has not presented a sufficient record on which it can be determined whether error occurred, his point of error should be overruled. Even if its merits are considered, based on what does appear in the record, Appellant has not shown error.

*On the merits*

Article 36.28 of the Texas Code of Criminal Procedure provides, in relevant part, that "[i]n the trial of a criminal case in a court of record, if the jury disagree as to the statement of any witness, they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute, and no other…." Where the jury requests testimony be read back during deliberations, the trial court must determine whether the request is in compliance with article 36.28. *Robison*, 888 S.W.2d at 480. However, a

simple request for testimony does not, by itself, reflect disagreement and is not a proper request under article 38.26. *Id.*

This case closely mirrors the facts in *Robison* in that in both cases a series of requests were sent out by the jurors, each becoming more specific. This Court should follow the *Robison* holding, which is particularly applicable and is quoted in relevant part here:

> Here, there were three separate requests made by the jury in determining whether a dispute existed, each becoming increasingly narrow in scope. Additionally, the trial court clearly informed the jury that testimony would be read back only in the event of a dispute after each request for information. By considering the last note requesting the testimony in conjunction with prior notes from the jury and the corresponding instructions from the trial court, it was not unreasonable to infer a disagreement among the jury regarding [the] testimony. The trial court was properly cautious in observing the competing concerns of article 36.28 of the Texas Code of Criminal Procedure. We therefore hold the trial court, in this instance, did not abuse his discretion in permitting certain testimony be given to the jurors.

*Id.* at 481.

The facts of this case are quite similar to those in *Robison*, and therefore the holding of this Court should be the same. Appellant's fifth point of error should be overruled.

## **PRAYER**

Wherefore, premises considered, Appellee prays that Appellant's points of error be overruled and his conviction be affirmed in all things.

Respectfully submitted,

**John F. Healey, Jr.**

 /s/ Jason Bennyhoff
**Jason Bennyhoff**
Assistant District Attorney
Fort Bend County, Texas
S.B.O.T. No. 24050277
301 Jackson Street Room 101
Richmond, Texas 77469
281-341-4460 (office)
281-341-8638 (fax)

## CERTIFICATE OF SERVICE

I, Jason Bennyhoff, do hereby certify that a true and correct copy of the foregoing Brief was sent to counsel for the Appellant on May 8, 205, via email by way of electronic service through EFile Texas at the email address below.

LaShawn Williams
lwilliams@lawilliamslegal.com
Counsel for Appellant


/s/ Jason Bennyhoff
Jason Bennyhoff


**Certificate of Compliance with Texas Rule of Appellate Procedure 9.4(i)(3)**
In accordance with Texas Rule of Appellate Procedure 9.4(i)(3), I, Jason Bennyhoff, hereby certify that the foregoing electronically created document has been reviewed by the word count function of the creating computer program, and has been found to be in compliance with the requisite word count requirement in that its word count in its entirety is 7,082 words.


/s/Jason Bennyhoff

Jason Bennyhoff